2009 ND 112

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Shane D. PETERSON, a Member of the Bar of the State of North Dakota

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Shane D. Peterson, Respondent.

No. 20090159.

Supreme Court of North Dakota.

June 24, 2009.

PER CURIAM.

[¶ 1]   Shane D. Peterson was admitted to practice as an attorney at law in the courts of North Dakota on July 12, 1995, and his name has appeared on the roll of attorneys since that date.   Peterson was suspended for Continuing Legal Education non-compliance on December 31, 2008, and he is not currently licensed.

[¶ 2]   On January 8, 2007, Peterson admitted service of a Summons and Petition for Discipline.   The Petition for Discipline alleged Peterson represented Grain Growers Oil Company beginning in late 2004, to defend it in a civil action brought in Montana's Seventh Judicial District, Valley County.   Beginning in February 2005, Peterson did not respond to the insurer for "Grain Growers" as to the status of the matter.   Later in 2005, Peterson failed to notify his clients of a mediation in the matter, where he negotiated a settlement in the amount of $80,000 without authority from his client or the insurer.   Peterson funded the settlement personally and caused the $80,000 to be placed in his law firm's client trust account and then to be remitted to counsel for the plaintiff.

[¶ 3] The Petition further asserts that Peterson undertook representation of J.P. Stevens & Co. Inc. in a civil action brought against it in Montana's District Court of the Fifteenth Judicial District, County of Roosevelt. Peterson did not keep his client informed of important events, deadlines and discovery obligations. In 2003, the trial court ordered the parties attend mediation with responsible decision-makers who were prepared to discuss settlement. Peterson attended the mediation without such a person on behalf of his client. The trial court ordered, as a sanction, that Peterson's client pay the plaintiff's costs incurred in attending the mediation. Thereafter, Peterson failed to respond to discovery requests. As a sanction under Montana Rule 37, judgment was entered in favor of the plaintiff on liability. After a trial to the court on damages, a final judgment was entered against Mr. Peterson's client in the amount of $143,713. Peterson assured his firm that he had kept his client informed; however, this was not true. Peterson falsified back-dated letters to make it appear that he kept his client informed. The law firm paid the judgment against J.P. Stevens.

[¶ 4] The Petition further alleges that Peterson represented a plaintiff, who sued a health care professional in Williams County District Court. Peterson failed to diligently seek and obtain a necessary expert opinion, and the other side moved to dismiss the case.

[¶ 5] The Petition for Discipline asserts Peterson's conduct is a violation of N.D.R. Prof. Conduct 1.2, Scope of Representation and Allocation of Authority Between Client and Lawyer, (a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued, and a lawyer shall abide by a client's decision whether to settle a matter); 1.3, Diligence, (a lawyer shall act with reasonable diligence and promptness in representing a client); 1.4, Communication, (a lawyer shall promptly inform the client of any decision or circumstance with respect to which the client's consent is required by these rules, reasonably consult with the client about the means by which the client's objectives are to be accomplished; make reasonable efforts to keep the client reasonably informed about the status of a matter, promptly comply with the client's reasonable requests for information, and explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); 1.15, Safekeeping Property, (a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property); 8.4, Misconduct, (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation that reflects adversely on the lawyer's fitness as a lawyer); and N.D.R. Lawyer Discipl. 1.2A(3), (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

[¶ 6] Peterson did not answer the Petition for Discipline. A Stipulation and Consent to Discipline was filed May 22, 2009. In the Stipulation, Peterson consented to suspension from the practice of law for six months and a day, effective when Peterson pays his 2008 license fee or applies for relicensure after January 1, 2009; and payment of costs of $500. Peterson further stipulated that his consent to discipline was freely and voluntarily rendered without coercion or duress while being fully aware of the implications of the consent and that he is aware that there are grounds for discipline in the matter. Pe-

terson paid his 2008 license fee on January 18, 2008.

[¶ 7] The Stipulation, Consent to Discipline and Recommendation of Hearing Panel was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). The Supreme Court considered the matter, and

[¶ 8] **ORDERED,** the Stipulation, Consent to Discipline and Recommendation of Hearing Panel filed May 22, 2009, is accepted, and Shane D. Peterson is suspended from the practice of law for a period of six months and a day, effective July 1, 2009, for violation of N.D.R. Prof. Conduct 1.2, Scope of Representation and Allocation of Authority Between Client and Lawyer; 1.3, Diligence; 1.4, Communication; 1.15, Safekeeping Property; 8.4, Misconduct; N.D.R. Lawyer Discipl. 1.2A(3), Grounds for Discipline.

[¶ 9] **FURTHER ORDERED,** Shane D. Peterson pay the costs and expenses of the disciplinary proceeding in the amount of $500.00, payable to the Secretary of the Disciplinary Board.

[¶ 10] **FURTHER ORDERED,** Shane D. Peterson comply with N.D.R. Lawyer Discipl. 4.5 regarding reinstatement.

[¶ 11] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 12] The Honorable DALE V. SANDSTROM, being unavoidably absent, did not participate in this decision. The Honorable MARY MUEHLEN MARING, deeming herself disqualified did not participate.